IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| LISA D., | * |
| | * |
| Plaintiff, | * |
| | * Civil No. TMD 17-2488 |
| v. | * |
| | * |
| | * |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant.[1] | * |

***********

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Plaintiff Lisa D. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12) and Defendant's Motion for Summary Judgment (ECF No. 13).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**.

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On June 7, 2016, Administrative Law Judge ("ALJ") Tom Duann held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 28-47. The ALJ thereafter found on July 20, 2016, that Plaintiff was disabled from August 12, 2012, through August 12, 2014, but not thereafter. R. at 8-26. In so finding, the ALJ found that, from August 12, 2012, through August 12, 2014, Plaintiff had the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a), except she can engage in no more than occasional ramps and stairs, no ladders, ropes, and scaffolds, occasional stooping, kneeling, and crouching, and no crawling. She must avoid exposure to unprotected heights and hazards, and she requires more than one hour of unscheduled breaks in a typical day due to symptom flare-ups.

R. at 17. Thus, in light of Plaintiff's age, education, work experience, and RFC during this period, the ALJ found that there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed, so the ALJ found that she was disabled from August 12, 2012, through August 12, 2014. R. at 19. The ALJ found, however, that medical improvement related to the ability to work occurred as of August 13, 2014. R. at 20. Beginning on that date, Plaintiff had the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) except she can perform only occasional ramp and stair climbing; no ladder, rope and scaffold climbing; occasional stooping, kneeling, and crouching, no climbing [sic]; and she can tolerate no exposure to unprotected heights and hazards." R. at 20. The ALJ found that her disability ended on August 13, 2014, because there were jobs existing in significant numbers in the national economy that Plaintiff could perform beginning on that date. R. at 21-22.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on August 29, 2017, a complaint in this Court seeking review of the Commissioner's decision. Upon the

parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R.

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

§§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

## Discussion

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[4] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-7, ECF No. 12-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 6. In particular, she contends that the ALJ failed to explain how he determined that she had experienced medical improvement on August 13, 2014, and how he determined that this medical improvement was related to her ability to work. *Id.* Plaintiff further asserts that the ALJ failed to explain the elimination from the assessment of her RFC beginning on August 13, 2014, of the requirement of more than one hour of unscheduled breaks in a typical day due to symptom flare ups. *Id.* at 6-7. She finally argues that the ALJ erroneously evaluated her subjective complaints. *Id.* at 7-9. For the reasons discussed below, the Court remands this case for further proceedings.

SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

> medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Plaintiff contends that the ALJ failed to explain his determination that she had experienced medical improvement on August 13, 2014, and that this medical improvement was related to her ability to work. Pl.'s Mem. Supp. Mot. Summ. J. 6, ECF No. 12-1. She also maintains that the ALJ failed to explain the elimination beginning on August 13, 2014, of the limitation in the RFC assessment of more than one hour of unscheduled breaks because of symptom flare-ups. *Id.* The Commissioner must follow certain steps when it finds medical

improvement of a previously established disabling condition. 20 C.F.R. §§ 404.1594(f)(1)-(8), 416.994(b)(5)(i)-(vii); *see Czerska v. Colvin*, Civil Action No. TMD 12-2238, 2013 WL 5335406, at *1 n.1 (D. Md. Sept. 20, 2013). The evaluation process requires the Commissioner to consider whether (1) the claimant has engaged in substantial gainful activity, 20 C.F.R. § 404.1594(f)(1); (2) the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listings, *id.* §§ 404.1594(f)(2), 416.994(b)(5)(i); (3) the claimant has seen medical improvement in his previously disabling condition, *id.* §§ 404.1594(f)(3), 416.994(b)(5)(ii); (4) medical improvement is related to the claimant's ability to do work, *id.* §§ 404.1594(f)(4), 416.994(b)(5)(iii); (5) an exception to medical improvement applies, *id.* §§ 404.1594(f)(5), 416.994(b)(5)(iv); (6) all current impairments are severe, *id.* §§ 404.1594(f)(6), 416.994(b)(5)(v); (7) a claimant's current RFC allows him to return to past relevant work, *id.* §§ 404.1594(f)(7), 416.994(b)(5)(vi); and, if not, (8) the claimant can perform other work. *Id.* §§ 404.1594(f)(8), 416.994(b)(5)(vii). "If the Commissioner finds conclusively that a claimant is disabled at any point in this process, review does not proceed to the next step." *Davis v. Colvin*, No. 5:13-CV-98, 2015 WL 404213, at *4 (W.D.N.C. Jan. 29, 2015).

A decrease in the medical severity of an impairment sufficient to constitute medical improvement must be substantiated by changes in signs, symptoms, or laboratory findings. 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i). To determine whether medical improvement has occurred, the severity of the claimant's current medical condition is compared to the severity of the condition "at the time of the most recent favorable medical decision that [the claimant was] disabled." *Id.* The date of the most recent favorable medical decision is called the "point of comparison." *Id.* § 404.1594(b)(7), 416.994(b)(1)(vii). When, as here, however, the Commissioner finds that the claimant is disabled for a closed period in the same decision in

which she found that a medical improvement occurred, the disability onset date is the "point of comparison." *Small v. Astrue*, No. 7:08-CV-141-FL, 2009 WL 3029737, at *10 (E.D.N.C. Sept. 22, 2009).

In finding that medical improvement began on August 13, 2014, the ALJ found that the "overall record reflects that [Plaintiff] has required very little treatment since August 2014 when her claim was reviewed at the reconsideration level and, by that time, she had sufficiently recovered from back surgery." R. at 21. "Pain management records dated after August 2014 indicate that [Plaintiff's] pain and other symptoms are moderately severe, at most, and appear to be under control most of the time." R. at 21. The ALJ noted that a treating source on August 22, 2014, noted that Plaintiff's medications continued to help her pain enough to make her more functional. R. at 21. The ALJ also noted that this treating source noted on November 18, 2014, that Plaintiff's pain medications helped control her pain well enough to allow improved function without adverse drug reactions. R. at 21.

The ALJ, however, "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion'" that medical improvement related to Plaintiff's ability to work began on August 13, 2014, which the ALJ failed to do here. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe*, 826 F.3d at 189). The ALJ pointed to evidence in the record that on August 22, 2014, Plaintiff's pain was unchanged, but "her medications continue to help her pain enough to make her more function [sic]." R. at 1069. The ALJ failed, however, to explain how Plaintiff no longer required on August 13, 2014, more than one hour of unscheduled breaks in a day because of symptom flare-ups. The ALJ noted that on November 18, 2014, Plaintiff's pain medications helped to control her pain "well enough to allow improved function" without adverse drug

10

reactions. R. at 1073. However, it was also noted that Plaintiff had "good and bad days." R. at 1073. On March 16, 2015, Plaintiff complained that she was not sleeping well because her pain kept her awake. R. at 1085. On July 31, 2015, Plaintiff reported that her pain did "not go below a 7/10" and that some days were worse than others. R. at 1093.

Moreover, according to the VE, an individual could not maintain employment with a 10% reduction in productivity. R. at 44. The ALJ, however, failed to explain how, despite Plaintiff's impairments, she could be productive or remain on task beginning on August 13, 2014, for more than 90% of an eight-hour workday. *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *Ashcraft v. Colvin*, No. 3:13-cv-00417-RLV-DCK, 2015 WL 9304561, at *11 (W.D.N.C. Dec. 21, 2015) (remanding under fourth sentence of 42 U.S.C. § 405(g) because court was unable to review meaningfully ALJ's decision that failed to explain exclusion from RFC assessment an additional limitation of being 20% off task that VE testified would preclude employment). An ALJ's failure to build an accurate and logical bridge from the evidence to his conclusion constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Because the ALJ's "analysis is incomplete and precludes meaningful review," remand under the fourth sentence of 42 U.S.C. § 405(g) is appropriate. *Monroe*, 826 F.3d at 191. Because remand is granted on other grounds, the Court does not address Plaintiff's remaining arguments. *See Testamark v. Berryhill*, 736 F. App'x 395, 399 n.2 (4th Cir. 2018) (per curiam); *Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003). In any event, the ALJ also should address these other deficiencies identified by Plaintiff. *See*

*Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763 n.3 (W.D. Va. 2002) (on remand, ALJ's prior decision has no preclusive effect as it is vacated and new hearing is conducted *de novo*).

**V**

**Conclusion**

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 13) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: December 20, 2018                         /s/
                                                Thomas M. DiGirolamo
                                                United States Magistrate Judge